Statement.

## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

JONES & OTHERS *v.* BYRNE'S EXECUTRIX & OTHERS.

July 1, 1897.

1. JUDGMENTS—*Lien of—Deed to vendee not recorded—Deed of trust by vendee.*—
   Judgments recovered against the vendor of land and docketed before
   his deed of conveyance to the purchaser is admitted to record have
   priority over the notes given by such purchaser for deferred payments
   on the land, though such notes be secured by a deed of trust made con-
   temporaneously with the deed of conveyance to him, and duly recorded
   before the recovery of such judgments. In such case the doctrine of
   subrogation has no application.

2. CHANCERY PRACTICE—*Exception to commissioner's report—When error to
   overrule.*—An exception to a report of liens on property which brings to
   the attention of the court that the commissioner has failed to report
   facts appearing of record in the clerk's office of said court, and which
   are essential to an adjudication of the rights of the exceptor, should
   not be overruled, but the report should be recommitted to the commis-
   sioner to make enquiry and report as to the alleged facts set out in the
   exception.

Appeal from a decree of the Hustings Court of the city of
Roanoke, pronounced January 21, 1896, in a suit in chancery
wherein the appellee, Byrne's executrix, was the complainant
and the appellants and others were the defendants.

                                                    *Reversed.*

The opinion states the case.

*John H. Wright,* for the appellants.

*C. A. McHugh, Smith & King,* and *Watts, Robertson &
Robertson,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

This is a bill filed in the Hustings Court of Roanoke city
to subject certain real estate lying within the city limits, to
the satisfaction of a judgment obtained by Matthew Byrne
against C. O'Leary and others, and upon the bill taken for
confessed the cause was referred to a commissioner of the
court who was directed to enquire and report, among other
matters, the following:

1. "The amount due complainant on his judgment."

2. "An account of the liens upon the property described
in the bill in the order of their priority."

3. "What real estate the defendant, C. O'Leary, was seized
of on September 26, 1892; and the liens thereon, and　*　*

6. "Any other matter deemed pertinent by any of the
counsel of the parties hereto, and by them presented to the
commissioner."

While the cause was pending before the commissioner en-
gaged in making the enquiries directed by the court, Jenkins
Jones and Isabella Freeman, adm'x of John Freeman, de-
ceased, two of the parties defendant to the original, supple-
mental, and amended bills of the complainant, filed their joint
answer thereto. In their answer they state that C. O'Leary
and wife conveyed to respondent Jenkins Jones, and to John
Freeman by deed dated April 11, 1891, and recorded Septem-
ber 26, 1892, in the clerk's office of the Hustings Court of
the city of Roanoke, the lot on Jefferson street, named and
described in complainant's bills; that the grantees in the deed
paid O'Leary for the lot $5,180 in cash, and assumed the
payment of a then existing lien thereon for $4,000; that this
lien was held by A. G. Robinson and others　*　*　*; that
O'Leary had purchased the lot from Lucy C. Hazlewood and
husband, assuming the lien thereon of $4,000, and that she
had purchased from A. G. Robinson and others; that at the time
complainant's judgment was docketed this lien was still in
existence and prior in dignity to the judgment; that respon-
dent had paid off this lien, and that in equity they have a

claim upon the lot, to the extent of such payment, superior in dignity to the lien of complainant's judgment.

The commissioner reported that the judgment of the complainant, recovered at the March term of the court, 1892, and two others recovered in March and August, 1892, were docketed against C. O'Leary before the deed of bargain and sale from O'Leary to Jones and Freeman for the Jefferson street lot was recorded, and were therefore liens on the lot notwithstanding the conveyance; making no mention whatever of the lien thereon for $4,000, which, according to the answer of Jones and Freeman, was an existing lien when their deed of conveyance from O'Leary to them was recorded on the 26th of September, 1892, and which they had assumed, and afterwards paid.

The commissioner also reported that these judgments against O'Leary were liens upon a certain lot on Madison street, conveyed by O'Leary and wife to Thomas Robinson by deed dated June 1, 1891, but not recorded until November 18, 1892, and not until after the judgments had been docketed, which lot, says the answer of J. B. Stephenson, another of the defendants to this suit, was simultaneously with the deed to Robinson of June 1, 1891, conveyed by Thomas Robinson to Thomas W. Miller, trustee, to secure the deferred payments for the lot, evidenced by notes of Robinson to O'Leary, immediately after their execution assigned to respondent, and which deed of trust was recorded on the 21st of June, 1891; that default having been made in the payment of these notes, the lot was sold by Miller, trustee, and purchased by respondent (Stephenson), and by the latter conveyed to other parties.

To the report of the commissioner, filed September 19, 1895, Jenkins Jones and Isabella Freeman, administratrix of John Freeman, deceased, excepted as follows:

"These defendants except to said report, because it fails to show that there was a lien on the lot sold to them by O'Leary

and wife, prior to any judgments reported as liens thereon by said commissioner. Lucy C. Hazlewood bought said lot from A. G. Robinson, on the 2d day of May, 1890, and executed on the same date a deed of trust thereon, to secure a deferred payment of $4,000. This deed of trust was the first lien on said property of greater dignity than any of the judgments reported by said commissioner. These defendants paid the notes secured by said deed of trust, and the release was entered of record on the 23d day of November, 1892, and they ask in equity to be subrogated to the rights of said A. G. Robinson to the extent of that lien, and that said report be not confirmed.''

J. B. Stephenson also excepted to the report because it did not show that his title to the Madison street lot was superior to the lien of the judgments reported as prior liens on this lot by reason of the fact that the trust deed under which Miller, trustee, sold the propety to the exceptant was recorded before the judgment was obtained, and should have been treated as notice to all parties of the lien, &c.

The court overruled the exceptions and confirmed the report of the commissioner, and from this decree an appeal was taken to this court by Jenkins Jones, Isabella Freeman, adm'x, and J. B. Stephenson.

We are of opinion that the lower court did not err in overruling the exception of the appellant, J. B. Stephenson, to the report of the commissioner. His case is controlled by the registry laws of Virginia, and the doctrine of subrogation has no application. It is different, however, in the case of appellants, Jones and Freeman. The exception of these appellants to the commissioner's report brought to the attention of the court that the commissioner had failed to report facts, appearing of record in the office of its clerk, very essential to a proper adjudication of the rights of the appellants in this cause. We are therefore further of opinion that the court erred in overruling the exception of the appellants, Jones and

Freeman, to the report of the commissioner, and that the report should have been recommitted to make enquiry and report as to the alleged facts set out in the exception, and the decree appealed from must, in this respect, be reversed and annulled, and the cause remanded for further proceedings to be had herein in accordance with the views expressed in this opinion, but in all other respects the decree is affirmed.

BUCHANAN, J., dissenting:

I am unable to concur in the opinion of the court in so far as it holds that the decree complained of should be reversed because the court did not recommit the report of the commissioner upon the exception of the appellants, Jones and Freeman.

The appellants asserted their claim in their answer. They furnished no proof of it. There is no evidence whatever in the record, as I understand it, that there is now or ever was such a lien. The statements of the appellants in their answer and exception to the commissioner's report, are clearly not evidence. The commissioner who was directed to report the liens upon the property did so. His report is *prima facie* presumed to be correct. The exception of the appellant to it is not supported by any evidence in the record, by affidavit, or otherwise. It seems to me that in the absence of any proof whatever of the existence of the appellants' claim, or of any diligence on their part in presenting their alleged claim, the court could not do otherwise than overrule the exception. I do not think that a court should be reversed for not allowing a claim of which there is no proof, and for not recommitting a report on exception to it when the exception is not sustained by any evidence in the record, or by any evidence filed with it, and especially as in this case when no motion was made to recommit.

*Reversed.*